# EXHIBIT A



# State of North Carolina
# Judicial Standards Commission

P. O. Box 1122
Raleigh, NC 27602
(919) 831-3630

JUDGE CHRIS DILLON, CHAIR
JUDGE JEFFERY CARPENTER, VICE-CHAIR
JOHN M. CHECK
MICHAEL CROWELL
JUDGE JAMES H. FAISON, III
JUDGE JEFFERY B. FOSTER
MICHAEL GRACE
TALECE Y. HUNTER
JUDGE DAWN M. LAYTON
ALLISON MULLINS
LONNIE M. PLAYER, JR.
DONALD L. PORTER
RONALD L. SMITH
JUDGE TERESA H. VINCENT

BRITTANY PINKHAM
EXECUTIVE DIRECTOR

PATRICIA A. FLOOD
COMMISSION COUNSEL

August 15, 2023

CONFIDENTIAL
SENT VIA EMAIL PURSUANT TO WAIVER OF PERSONAL SERVICE TO COUNSEL
Justice Anita Earls
Press.millen@wbd-us.com

Re: Inquiry No. 23-081

Dear Justice Earls:

I hope you are doing well. As I discussed with Mr. Millen, the Commission has reopened the formal investigation into allegations raised against you in 23-081. For your information and as required pursuant to Rule 10(c) of the Judicial Standards Commission, I would like to inform you of the following:

1. The original subject matter of the investigation involved allegations that you disclosed confidential information concerning matters being deliberated in conference by the Supreme Court at two public events and to a newspaper reporter which led to media coverage of the subject matter. At the conclusion of this investigation, the Commission voted to dismiss the complaint and provide you with a verbal reminder to be mindful of your public comments in light of the language of Canon 2A. This verbal warning was provided to your counsel and was later reiterated in written correspondence.

2. The Commission voted to reopen this investigation based on an interview you since gave to the media in which you appear to allege that your Supreme Court colleagues are acting out of racial, gender, and/or political bias in some of their decision-making. This conduct, if true, potentially violates Canon 2A of the Code of Judicial Conduct which requires a judge to conduct herself "at all times in a manner which promotes public confidence in the integrity and impartiality of the judiciary." Since Canon 3 requires judges to perform their duties "impartially and diligently . . . unswayed by partisan interests," consistent with the Commission's historical interpretation of Canon 2A, a judge should not publicly suggest that another judge before whom litigants are appearing is making decisions based on some improper basis, unless the criticizing judge *knows* this to be the case. While there are circumstances where a judge may publicly criticize another judge's judicial philosophy and

decision-making process (see *GOP v. White*), publicly alleging that another judge makes decisions based on a motivation not allowed under the Canons without some quantum of definitive proof runs contrary to a judge's duty to promote public confidence in the impartiality of the judiciary.

3. You are entitled to a reasonable opportunity to present any relevant information regarding this matter at any time during this investigation. This includes any documents, statements, or other information. The Commission Investigator will also contact you regarding a time to set up a formal interview to address the Commission's questions and concerns.

4. You may, but are not required to, retain counsel to represent you in this matter, but we ask that you have such counsel file a written notice of appearance with the Commission to ensure proper communication. Consistent with Formal Opinion No. 2011-02, which is available on the Commission's website, if you retain counsel in this matter, you should request an informal advisory opinion as to whether disqualification is required in cases in which such counsel appears before you.

5. This investigation is confidential in accordance with the provisions of N.C. Gen. Stat. § 7A-377 and Commission Rule 6, and information or documents provided to you in furtherance of the investigation may not be disclosed.

6. The Commission Investigator or I may be conducting interviews with your court colleagues, court staff, or attorneys as part of this investigation. A thorough, fair, and accurate investigation depends on their full cooperation and candor without fear of reprisal, actual or perceived. As such, I want to make you aware that pursuant to Commission Rule 10(e), any conduct on your part that may be reasonably perceived as retaliatory for cooperating with the Commission may constitute a separate violation of the Code.

If you have any questions about the Commission's procedures, the status of the investigation, or any other issue relevant to this matter, please do not hesitate to reach out to me. If you would like to review the Commission's Rules, the Code of Judicial Conduct, formal advisory opinions, ethics resources, or past disciplinary decisions, they are available on our website, www.ncjsc.gov.

Sincerely,

Patricia A. Flood
Commission Counsel