# EXHIBIT C



# State of North Carolina
# Judicial Standards Commission

JUDGE CHRIS DILLON, CHAIR
JUDGE JEFFERY CARPENTER, VICE-CHAIR
JOHN M. CHECK
MICHAEL CROWELL
JUDGE JAMES H. FAISON, III
JUDGE JEFFERY B. FOSTER
MICHAEL GRACE
TALECE Y. HUNTER
JUDGE DAWN M. LAYTON
ALLISON MULLINS
LONNIE M. PLAYER, JR.
DONALD L. PORTER
RONALD L. SMITH
JUDGE TERESA H. VINCENT

P. O. Box 1122
Raleigh, NC 27602
(919) 831-3630

BRITTANY PINKHAM
EXECUTIVE DIRECTOR

PATRICIA A. FLOOD
COMMISSION COUNSEL

March 20, 2023

CERTIFIED MAIL
CONFIDENTIAL

Justice Anita Earls
North Carolina Supreme Court
2 E. Morgan Street
Raleigh, NC 27601

    Re:    Inquiry No. 23-081

Dear Justice Earls:

    I hope you are doing well. As you discussed with our Executive Director this morning, the Commission has ordered a formal investigation into allegations raised against you in a written complaint filed with the Commission. For your information and as required pursuant to Rule 10(c) of the Judicial Standards Commission, I would also like to inform you of the following:

1. The subject matter of the investigation involves allegations that you disclosed confidential information concerning matters being currently deliberated in conference by the Supreme Court at two public events and to a newspaper reporter which led to media coverage of the subject matter. This conduct, if true, potentially violates the following provisions of the North Carolina Code of Judicial Conduct: (1) failing to conduct yourself in a manner that promotes public confidence in the integrity and impartiality of the judiciary (Canons 1 and 2A); (2) failing to be faithful to the law and unswayed by partisan interests, public clamor, or fear of criticism (Canon 3A(1)); and (3) failing to facilitate the performance of the administrative responsibilities of other judges and court officials (Canon 3B(1)).

2. You are entitled to a reasonable opportunity to present any relevant information regarding this matter at any time during this investigation. This includes any documents, statements, or other information. The Commission Investigator will also contact you regarding a time to set up a formal interview to address the Commission's questions and concerns.

3. You may, but are not required to, retain counsel to represent you in this matter, but we ask that you have such counsel file a written notice of appearance with the Commission to ensure proper communication. Consistent with Formal Opinion No. 2011-02, which is available on the Commission's website, if you retain counsel in this matter, you should request an informal advisory opinion as to whether disqualification is required in cases in which such counsel appears before you.

4. This investigation is confidential in accordance with the provisions of N.C. Gen. Stat. § 7A-377 and Commission Rule 6, and information or documents provided to you in furtherance of the investigation may not be disclosed.

5. The Commission Investigator or I may be conducting interviews with your court colleagues, court staff, or attorneys as part of this investigation. A thorough, fair, and accurate investigation depends on their full cooperation and candor without fear of reprisal, actual or perceived. As such, I want to make you aware that pursuant to Commission Rule 10(e), any conduct on your part that may be reasonably perceived as retaliatory for cooperating with the Commission may constitute a separate violation of the Code.

If you have any questions about the Commission's procedures, the status of the investigation, or any other issue relevant to this matter, please do not hesitate to reach out to me. If you would like to review the Commission's Rules, the Code of Judicial Conduct, formal advisory opinions, ethics resources, or past disciplinary decisions, they are available on our website, www.ncjsc.gov.

Sincerely,

*[signature]*

Patricia A. Flood
Commission Counsel

2

Case 1:23-cv-00734-WO-JEP   Document 1-3   Filed 08/29/23   Page 3 of 3