IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANITA S. EARLS, )
 )
        Plaintiff, )
 )
  v. )
 )
NORTH CAROLINA JUDICIAL )
STANDARDS COMMISSION; THE )
HONORABLE CHRIS DILLON, in )
his official capacity as )
Chair of the North Carolina )
Judicial Standards Commission; )
THE HONORABLE JEFFREY K. )   1:23-cv-734
CARPENTER, in his official )
capacity as Vice Chair of )
the North Carolina Judicial )
Standards Commission; and )
the following Members of the )
North Carolina Judicial )
Standards Commission, each )
in his or her official )
capacity: THE HONORABLE )
JEFFREY B. FOSTER, THE )
HONORABLE DAWN M. LAYTON, )
THE HONORABLE JAMES H. )
FAISON III, THE HONORABLE )
TERESA VINCENT, MICHAEL )
CROWELL, MICHAEL T. GRACE, )
ALLISON MULLINS, LONNIE M. )
PLAYER JR., JOHN M. CHECK, )
TALECE Y. HUNTER, DONALD L. )
PORTER, and RONALD L. SMITH, )
 )
        Defendants. )

**ORDER**

    Pending before this court are two motions. Defendants move for a 14-day extension of time to file a response to Plaintiff's motion for preliminary injunction. (Doc. 10.) Plaintiff objects

to the extension, (Doc. 11), and has separately moved for a telephonic status conference, (Doc. 13). Defendants object to the motion for a status conference. (Doc. 14.)

The motion for extension of time will be granted. The motion for a status conference will be denied.

Plaintiff is an Associate Justice of the North Carolina Supreme Court. (Doc. 1 at 4.) Defendant North Carolina Judicial Standards Commission ("the Commission") is responsible for "'the investigation and resolution of inquiries concerning the conduct of a judge or justice' . . . including the imposition of various forms of 'discipline.'" (Id. at 5.) The individual defendants are sued in their official capacities as members of the Commission. (Id. at 5-9.) The issues presented by the motion for preliminary injunction, (Doc. 3,) are substantial. Plaintiff contends the Commission's investigation "chill[s] her First Amendment rights," (Doc. 4 at 11), and that the canon at issue, Canon 2A, is "hopelessly vague," (id. at 16). These are serious allegations.

The nature of the alleged investigation by the Commission involves serious issues. The notice of the Commission's investigation "references two Code provisions, Canons 2(A) and 3(A)(1)." (See Doc. 1 at 14; Doc. 1-1.) However, the notice focuses on an alleged violation of Canon 2A, which provides: "A

- 2 -

Case 1:23-cv-00734-WO-JEP   Document 15   Filed 09/15/23   Page 2 of 7

judge should respect and comply with the law and should conduct himself/herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." N.C. Code of Judicial Conduct, Canon 2A. The Commission is responsible for "the investigation and resolution" of inquiries," (Doc. 1 at 5), and the notice of the investigation sent to Plaintiff states that Plaintiff's public statements "appear to allege that [her] Supreme Court colleagues are acting out of racial, gender, and/or political bias in some of their decision-making," (Doc. 1-1 at 2). The Commission's duty to investigate inquiries is a substantial responsibility, regardless of the merits of the allegations.

Counsel for Defendants request a 14-day extension of time to respond to the motion for preliminary injunction. (Doc. 10.) Counsel for Defendants represent that they "need additional time to review the Complaint and Plaintiff's arguments in the preliminary injunction brief to prepare an adequate response." (Id. at 2.) Counsel further represent that no further action will be taken by the Commission before November 2023 "at the earliest." (Id. at 2.) In light of the substantial nature of the issues raised and the short time within which this case has been pending, this court finds the requested 14-day extension reasonable.

- 3 -

A 14-day extension of time provides counsel for Defendants a total of 35 days to respond to the allegations briefly described hereinabove. By contrast, the record appears to establish that Plaintiff and Plaintiff's counsel have addressed these same or related issues before, between March and May 2023, as the result of a prior investigation which involved, <u>inter alia</u>, Canon 2A. (<u>See</u> Doc. 1-3 at 1; Doc. 1-4 at 10 ("An attempt to impose discipline of any type in this circumstance could be an appropriate subject of a First Amendment as-applied challenge in federal court to the putative authority of the Commission to proscribe and/or punish speech by judges concerning administrative matters.").) The Commission gave notice of its investigation on August 15, 2023, (Doc. 1-1), and Plaintiff moved quickly in filing her complaint on August 29, 2023, (Doc. 1). However, it appears Plaintiff has the benefit of a prior experience with the Commission on relevant issues which Defendants' counsel do not have.

Although Plaintiff contends that the Commission's investigations have "chilled her First Amendment rights," (Doc. 11 at 2), Plaintiff's allegations of "seven different public or quasi-public professional speaking engagements" between September 13, 2023 and November 1, 2023, (<u>id.</u> at 5), is too vague to explain why the 14-day extension of time is

- 4 -

unreasonable. Even if Plaintiff is entitled to preliminary injunctive relief, whether that relief will be prospective and whether any such relief will address issues that may arise during the future speaking engagements is speculative at best at this time.

Plaintiff further argues Defendants' representation of no further action before November 1 is nothing more than an artificial deadline chosen by the Commission. (Id. at 4-5.) The granting of a 14-day extension of time does not affect this court's ability to address the November 1 date should that become necessary. As to court proceedings and ruling on motions, this court has the final word on deadlines, not the parties.

The court will deny the motion for a status conference, finding it will not be helpful at this time. This court needs the benefit of Defendants' response before determining how to proceed and whether a hearing is necessary. See LR 65.1(b) ("A motion seeking a preliminary injunction will be considered and determined on the official court file including affidavits, briefs and other documents filed in support thereof without oral argument or testimony unless otherwise ordered by the Court.").

However, this court has some concern over the preliminary allegations and arguments by the parties at this early stage of the process. This case is important to Plaintiff and Defendants

and should not be marked by irrelevant or unnecessary rhetoric. For example, this court does not find Defendants' offer to provide advisory opinions while simultaneously standing in position of adversary in this case, (see Doc. 11 at 5; Doc. 11-1 at 2), compelling. Plaintiff is challenging the purported position of Defendants in the allegations of her complaint. (See Doc. 1.) The offer by Defendants, even if made in good faith, is not persuasive to this court and is arguably unnecessarily inflammatory even if not intended that way.

However, Plaintiff's response to that offer is not compelling or appropriate either. Plaintiff's characterization of the offer as "nothing more than an invitation to participate in an unconstitutional prior restraint of speech in which the speaker must apply to governmental authority," (Doc. 11 at 5), is an unnecessary and inflammatory attack on the motives of the Commission and its members. This type of rhetoric before the motion for a preliminary injunction is responded to and before the issues are joined by the filing of an answer does not start this case on an appropriate course to a fair and just resolution.

This court will remind all counsel and parties that they are members of the Bar and officers of the court. A lawyer has a "special responsibility for the quality of justice," N.C. R.

- 6 -

Pro. Conduct 0.1(a), and should "demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials," id. 0.1(e).

For the reasons set forth herein,

**IT IS ORDERED** that Defendants' Motion for Extension of Time to Respond to Preliminary Injunction Motion, (Doc. 10), is **GRANTED** and the time within which Defendants must respond to Plaintiff's motion for preliminary injunction is extended to and including October 6, 2023.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Telephonic Status Conference, (Doc. 13), is **DENIED**.

This the 15th day of September, 2023.

_____
United States District Judge