IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 1:23-cv-00734-WO-JEP

| | |
|---|---|
| ANITA S. EARLS,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA JUDICIAL STANDARDS COMMISSION, *et al.*,<br><br>Defendants. | **MOTION TO DISMISS** |

COME NOW Defendants and respectfully move the Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.3, to dismiss this action (1) based on the doctrine of judicial abstention first established in *Younger v. Harris*, 401 U.S. 37 (1971), and (2) for failure to state a claim upon which relief can be granted. In support of this motion, Defendants show the Court the following:

1. On August 29, 2023, Plaintiff filed the Complaint [D.E. 1], in which Plaintiff requested that the Court enjoin Defendants' ongoing investigative proceeding and declare the Commission's application of Canon 2A of the North Carolina Judicial Code to be a violation of the First Amendment. *See* Compl. [D.E. 1]. The Complaint was accompanied by a motion for a preliminary injunction [D.E. 3].

2. The Supreme Court recognized in *Younger v. Harris* that federal courts should not enjoin ongoing state judicial proceedings, such as the one that Plaintiff is asking the Court to enjoin here.

3. In addition, the Complaint fails to state a legally cognizable claim because:

    a. Plaintiff alleges that the Commission's investigation is retaliation for protected speech, but the Complaint does not establish that the Commission has taken an adverse action that implicates the First Amendment.

    b. Even assuming the Commission's actions did implicate the First Amendment, the Commission's investigation passes strict scrutiny.

    c. The Complaint does not establish that the Commission's application of Canon 2A is unconstitutionally vague.

    d. The Complaint does not establish all of the necessary elements of Plaintiff's Section 1983 claim.

WHEREFORE, Defendants respectfully ask that the Court dismiss the action with prejudice.

This the 6th day of October, 2023.

Respectfully submitted,

/s/ Craig D. Schauer
Craig D. Schauer (NC Bar No. 41571)
W. Michael Dowling (NC Bar No. 42790)
DOWLING PLLC
3801 Lake Boone Tr., Suite 260
Raleigh, North Carolina 27607
Telephone: (919) 529-3351
cschauer@dowlingfirm.com

/s/ Jonathan Y. Ellis
Jonathan Y. Ellis (NC Bar No. 41220)
MCGUIREWOODS LLP
501 Fayetteville St., Suite 500
Raleigh, NC 27601
Telephone: (919) 755-6600
jellis@mcguirewoods.com

Jodie Herrmann Lawson (NC Bar No. 42900)
Katherine C. Richardson (NC Bar No. 56578)
MCGUIREWOODS LLP
201 North Tryon St., Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 343-2000
jlawson@mcguirewoods.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Pressley Millen, Samuel Hartzell, and Raymond Bennett.

/s/ Jonathan Y. Ellis
Jonathan Y. Ellis (NC Bar No. 41220)
MCGUIREWOODS LLP
501 Fayetteville St., Suite 500
Raleigh, NC 27601
Telephone: (919) 755-6600
jellis@mcguirewoods.com