# Exhibit A

# NORTH CAROLINA JUDICIAL STANDARDS COMMISSION

ANNUAL REPORT

2022

Hon. Chris Dillon
Chair

Hon. Jeff Carpenter
Vice Chair

Brittany Pinkham
Executive Director



Impartiality   Independence   Integrity

Post Office Box 1122
Raleigh, North Carolina 27602
Tel.: (919) 831-3630
Fax: (919) 831-3637

# CONTENTS

|  | PAGE |
|---|---|
| A Message from the Commission Chair | 2 |
| Introduction | 3 |
| Commission Members and Structure | 3 |
| Commission Functions | 4 |
|     Investigatory and Disciplinary Jurisdiction | 4 |
|     Advisory Jurisdiction | 5 |
|     Educational and Training | 5 |
| 2022 Workload Statistics | 7 |
|     Advisory Opinions and Educational Programs | 7 |
|     Review and Investigation of Complaints | 7 |
|     Five Year Trends in Workload | 14 |
| APPENDIX A: Present and Past Members of the Judicial Standards Commission | 15 |

This report provides statistical data of the activities of the Commission in 2022. For further information, please visit the Judicial Standards Commission's website at:

http://ncjsc.gov

# A MESSAGE FROM THE COMMISSION CHAIR

Greetings:

The Judicial Standards Commission presents its 2022 Annual Report.

The Commission's workload continued to show an overall increase as our courts have become busier as the COVID-19 pandemic continued to subside. Our staff continued making themselves available to respond to inquiries from judges across the State as well as from members of the public. During the year, our staff provided hundreds of confidential informal ethics opinions to judges. This day-to-day work of Commission staff continues to go a long way to help our judiciary to function without favor, denial, or delay. Commission staff also prepared and presented in-person education to judicial officers, including the conferences for our district and superior court judges.

The Commission also continued meeting monthly to evaluate and hear complaints from our citizenry regarding the conduct of our judicial officers. Commission members continued meeting monthly to consider these complaints and to review the informal opinions rendered by Commission staff. The Commission consists of two separate panels to consider and hear these complaints. In 2022, our General Assembly created the position of Vice Chair, chosen from the Court of Appeals, to preside at meetings for one of the panels, while I continue to preside over the other panel. Our Chief Justice appointed Judge Jeff Carpenter to serve in this role. As a former trial attorney and trial judge, Judge Carpenter brings a wealth of experience in talking through issues and providing counsel to our judges, Commission, and staff.

Our State is truly blessed to have a bipartisan group of outstanding judges, attorneys, and lay citizens serving on the Commission. And we are blessed to have dedicated staff to support the Commission's work, maintaining a physical presence in the office during a time when many offices continued operating remotely. Please know that the Commission remains committed to serving our judiciary and our State.

Sincerely,

*Chris Dillon*

Chris Dillon
Judge, North Carolina Court of Appeals

# INTRODUCTION

The Judicial Standards Commission was established in 1973 by our General Assembly to assist in "the investigation and resolution of inquiries concerning the qualification or conduct of any judge[.]" NCGS § 7A-374.1. To that end, the Commission evaluates and investigates complaints of judicial misconduct and allegations/concerns regarding the physical or mental incapacity of a judge, whether temporary or permanent, which interferes with the performance of the judge's duties. Some complaints or concerns lead to a formal hearing and recommendation to our Supreme Court for discipline where misconduct is found or a suspension where incapacity is found.

The Commission also serves as North Carolina's judicial ethics advisory committee. In this role, the Commission provides both public formal ethics opinions and confidential informal ethics advice to judicial officers. Commission staff provides training and develops educational materials - primarily for our judicial officers, but also to attorneys and members of the general public - relating to the Code of Judicial Conduct, promulgated by our Supreme Court.

The Commission serves a critical function in our Judicial Branch to promote the highest ethical and professional standards among North Carolina's judges and to ensure continued public trust and confidence in the fair and efficient administration of justice.

# COMMISSION MEMBERS AND STRUCTURE

The Commission has fourteen members, consisting of judges, attorneys, and non-attorneys. Each branch of our State government, along with our State Bar, has a role in appointing the Commission's members.

The Judicial Branch, through our Chief Justice, appoints six judicial members, two from our Court of Appeals who serve as Chair and Vice Chair of the Commission, along with two superior court judges and two district court judges. Four of the members are lay persons (non-lawyers), appointed by our Legislative and Executive Branches. Specifically, the Legislative Branch, through recommendations of the Speaker of the House of Representatives and the President Pro Tempore of the Senate, appoints two of these public members. The other two lay members are appointed by our Governor. Finally, the State Bar appoints four licensed attorneys to serve as Commission members.

A list of all past members of the Commission is provided in Appendix A and a current list of Commission members and staff is available on the Commission's website.

# COMMISSION FUNCTIONS AND PROCEDURES

The Judicial Standards Commission is governed by the authority set forth in Article 30 of Chapter 7A of the North Carolina General Statutes and the Rules of the Judicial Standards Commission, which are adopted by order of our Supreme Court. On June 3, 2020, the Court approved amendments to the Commission's Rules, which are available on the Commission's website. The standards for judicial conduct in North Carolina are set forth in the Code, also promulgated and adopted by order of our Supreme Court pursuant to its statutory authority set forth in North Carolina General Statutes Section 7A-10.1.

**Investigatory and Disciplinary Jurisdiction**

The Commission serves our Supreme Court by performing four essential functions related to evaluating allegations of judicial misconduct or disability:

(1) receiving and reviewing complaints or information concerning alleged judicial misconduct or disability;
(2) conducting investigations in appropriate cases;
(3) if a minor violation of the Code of Judicial Conduct is found to have occurred, taking confidential remedial action to prevent a recurrence of the issue;
(4) if necessary, based on the nature of the misconduct or disability, conducting disciplinary or disability proceedings to hear evidence and make recommendations to the North Carolina Supreme Court for disposition of the matter. The Commission's recommendation is advisory and not binding on the North Carolina Supreme Court, which exercises its own independent review of the evidence and determines whether public discipline or removal from office is warranted based on clear and convincing evidence of misconduct, or whether suspension or removal based on permanent incapacity is necessary.

According to North Carolina General Statutes Section 7A-376(b), our Supreme Court may sanction or remove a judge on the following grounds:

(1) willful misconduct in office;
(2) willful and persistent failure to perform the judge's duties;
(3) habitual intemperance;
(4) conviction of a crime involving moral turpitude; or
(5) conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

Pursuant to the Preamble to the Code, a violation of the Code may be considered grounds for discipline under Chapter 7A Article 30. With respect to disability proceedings, NCGS § 7A-376(c) provides that our Supreme Court can suspend or remove a judge based upon a

Annual Report 2022 | 4

Case 1:23-cv-00734-WO-JEP   Document 23-1   Filed 10/06/23   Page 6 of 17

physical or mental incapacity interfering with the performance of the judge's duties which is or is likely to become permanent.

The Commission's investigatory and disciplinary jurisdiction covers judges of the General Court of Justice, including justices of the North Carolina Supreme Court, judges of the North Carolina Court of Appeals, and judges of the North Carolina Superior Courts and District Courts. Judges who have retired from the General Court of Justice who continue to preside in cases as emergency judges or recalled judges are also subject to the Code and the Commission's jurisdiction. In 2011, the General Assembly amended the Workers' Compensation Act, as provided by NCGS § 97-78.1 expanding the Commission's jurisdiction to include allegations of misconduct or disability of Commissioners and Deputy Commissioners of the North Carolina Industrial Commission.

The Commission has no disciplinary jurisdiction over the following officials often associated with the judiciary or the judicial process: district attorneys, assistant district attorneys, public defenders, clerks of court, magistrates, administrative law judges, private attorneys, law enforcement officers, or other court personnel. As a state administrative agency of the North Carolina Supreme Court, the Commission also has no disciplinary jurisdiction or authority over federal judges. By statute, the Commission also lacks authority to investigate complaints based substantially on a legal ruling of a trial court when that ruling has not been reviewed or ruled upon by the North Carolina Court of Appeals or the North Carolina Supreme Court. Pursuant to the terms of the Code, there is also a three-year statute of limitations on the Commission's authority to initiate disciplinary proceedings based on most cases of judicial misconduct. There is no statute of limitations if the judge is convicted of a felony while serving in office.

Although decisions of our Supreme Court to impose public discipline on a judge are matters of public record, NCGS § 7A-377 provides that all papers filed with the Commission and all proceedings before the Commission are confidential. The judge, justice, commissioner, or deputy commissioner who is the subject of an investigation or proceedings before the Commission may waive in writing the confidentiality of documents. The duty of confidentiality is reciprocal between any judge that may be the subject of a matter before the Commission and the Commission and staff. Confidentiality as to certain records also ends if our Supreme Court orders public discipline of the judge. In those circumstances, the statement of charges, pleadings and recommendations of the Commission to our Supreme Court, as well as the record filed in support of the Commission's recommendations, are no longer considered confidential. The Commission's investigative files, however, remain confidential. In accordance with Commission Rules, the Commission also may disclose certain limited information when there is a need to notify another person or agency in order to protect the public or the administration of justice.

To ensure fairness to any judge who is the subject of a Commission investigation or disciplinary proceeding, the Commission is divided into two panels that meet in alternating months. Under this structure, an investigation and charges ordered by one panel must be

referred to the other panel for an independent hearing to accept evidence into the record, allow for the testimony and cross-examination of witnesses, and make a recommendation to our Supreme Court for disposition based on the hearing panel's findings of fact and conclusions of law.

**Advisory Jurisdiction**

In addition to its investigatory and disciplinary functions, the Commission also serves as North Carolina's judicial ethics advisory commission. Article 30 of Chapter 7A of the General Statutes provides the Commission with authority to provide advisory opinions to judges in accordance with the Commission's rules.

Under Commission Rule 8(a), the Commission may consider requests from any person for issuance of a published formal advisory opinion to address application of the North Carolina Code of Judicial Conduct to a specific situation where it is not specifically addressed in the express language of the Code itself. Such Formal Advisory Opinions are published by the Supreme Court's Office of the Appellate Reporter. The Commission currently has thirty-five published Formal Advisory Opinions, all of which are available on the Commission's website.

According to Commission Rule 8(b), judges, justices, Commissioners, and Deputy Commissioners also may seek written private, confidential informal ethics advice from the Commission's Chair and Vice-Chair, Executive Director, and Commission Counsel. Written informal advisory opinions are reviewed regularly at the Commission's monthly panel meetings to ensure consistency and approval of the Commission members. If a reviewing panel wishes to amend or revise any informal advice provided by Commission staff, the judge is immediately notified of any changes. Until such notice is provided, a judge is presumed to act in good faith and in compliance with the Code of Judicial Conduct if he or she acts in conformity with the written informal advisory opinion.

**Education and Training**

The Commission Chair and staff also take part in multiple educational and training programs for judges, attorneys and other interested parties each year relating to the North Carolina Code of Judicial Conduct, the work of the Commission, and judicial ethics more generally. The Commission staff also continues to develop and regularly update written educational and training materials that are made available at training programs or posted on the Commission's website.

# 2022 WORKLOAD STATISTICS

**Advisory Opinions and Educational Programs**

On average, Commission staff issues 250-300 written informal advisory opinions to judges each year. In 2022, the Commission staff issued 283 confidential written informal advisory opinions that were reviewed and approved by the Commission, up from the 247 opinions rendered by Commission staff in 2021. The most common areas of inquiry continue to be questions relating to recusals, participating in civic and charitable activities, providing recommendation letters, and engaging in political conduct. One new published formal advisory opinion was issued in 2022 regarding whether foster care payments need to be reported as income on judges' Canon 6 Forms.

Each year, Commission staff also participates in a number of training programs for judges, judicial officers and others. In 2022, Commission staff provided training at approximately ten conferences for judges, judicial officers, and Judicial Branch personnel.

**Review and Investigation of Complaints**

As set forth in Table 1, there were 560 active matters pending before the Commission in 2022. This number included 470 new complaints initially received during 2022, and 0 reopened matters, as well as 90 pending matters that were carried over from 2021. The 90 matters carried over from 2021 to 2022 included the following: 7 disciplinary proceedings pending in the Commission; 7 pending formal investigations; 29 pending preliminary investigations; and 47 complaints awaiting initial consideration by the Commission. A summary of the Commission's workload in 2022 is provided in Table 1.

### TABLE 1: 2022 COMPLAINT AND WORKLOAD SUMMARY

| | |
|---|---|
| **2022 Total Workload** | **560** |
| **New complaints filed in 2022** | 470 |
| **Reopened Matter in 2022** | 0 |
| **Matters carried over from 2021** | 90 |
| • 47 complaints awaiting initial review<br>• 7 pending formal investigations<br>• 29 pending preliminary investigations<br>• 7 pending disciplinary proceedings | |

Table 2 sets forth the Commission's disposition of the 560 pending matters in 2022.

## TABLE 2: 2022 DISPOSITION SUMMARY

| Summary of Commission Action in 2022 | 560 |
|---|---|
| Dismissed After Initial Review | 361 |
| Dismissed After Preliminary Investigation | 82 |
| Dismissed After Formal Investigation | 7 |
| Dismissed with Letter of Caution | 8 |
| Statements of Charges Issued/Hearing Pending/Held | 12 |
| Pending Preliminary Investigation Carried to 2023 | 12 |
| Pending Formal Investigation Carried to 2023 | 3 |
| Recommendations Pending in the Supreme Court | 0 |
| Supreme Court Opinions Issued | 0 |
| Complaints Awaiting Initial Review in 2023 | 75 |

Based upon Table 2, there were 560 complaints disposed of in 2022. Of this number, approximately 64% were dismissed without investigation, and approximately 15% were dismissed after a preliminary investigation to evaluate the credibility of the allegations. These dismissals occur most often because the complaint alleged legal error that the Commission has no jurisdiction to investigate, the allegations were too vague to evaluate, or a preliminary investigation revealed that the allegations in the complaint lacked credibility or could not be substantiated after a review of the records of the subject court proceedings. Other grounds for dismissal include expiration of the statute of limitations, retirement of the judge in question, or allegations of bias supported only by an adverse ruling as evidence of such bias. If a citizen's complaint is dismissed, Commission rules allow the complainant to request reconsideration upon the submission of additional information to clarify or substantiate the concerns and allegations.

Complaints that are not dismissed after an initial review or after a preliminary investigation proceed to a formal investigation in which the judge is notified of the Commission's investigation and the nature of the complaint. The judge is not contacted or interviewed by the Commission regarding a pending matter until a formal investigation has begun. The identity of the complainant remains confidential unless a statement of charges is issued at the conclusion of the formal investigation. In 2022, the Commission considered 28 formal investigations: 16 new formal investigations ordered in 2022 and 12 pending formal investigations carried over from 2021.[1] At the conclusion of these 28 formal investigations: 7 were dismissed without further action by the Commission; 8 were dismissed with a private letter of caution; 10 resulted in the initiation of disciplinary proceedings through the issuance of statements of charges, and 3 were carried over to 2023 for review. Table 3 sets forth this data in statistical form.

---

[1] Commission Staff utilized updated methods to calculate this data upon review of internal practices and procedures to more accurately reflect the Commission's work.

**TABLE 3: 2022 DISPOSITION OF FORMAL INVESTIGATIONS**



**Nature of Complaints Considered by the Commission**

Most written complaints filed with the Commission are received from individuals involved in criminal or civil proceedings before the judge in question. Other complainants include attorneys, family members of parties, concerned citizens, other judges and court staff, along with occasional anonymous complainants. The Commission also has the authority to initiate a complaint on its own motion on the discovery of credible information of potential misconduct (e.g., through referrals from other government agencies or officials). Of the 470 complaints filed in 2022, there were 12 primary categories of complainants (note that some complaints include multiple complainants who fall into different categories). The most common complaint was domestic litigants (165), followed by criminal defendants (133), civil litigants (50), concerned citizens (33), family members of litigants (39), attorneys (16), victims in criminal cases (16), and witnesses in cases (2). Other complaints included self-reported incidents by the judge and matters reported by other judges or court officials. Table 4 identifies the categories of complainants who filed complaints with the Commission in 2022.

## TABLE 4: CATEGORIES OF COMPLAINANTS

| Category | Count |
|---|---|
| Domestic Litigant | ~165 |
| Criminal Defendant | ~133 |
| Civil Litigant | ~50 |
| Family | ~39 |
| Citizen | ~33 |
| Attorney | ~16 |
| Victim | ~16 |
| Judge/Commissioner | ~8 |
| Other | ~6 |
| Court Offical | ~2 |
| Witness | ~2 |
| Anonymous | ~1 |
| JSC | ~1 |
| Media | ~1 |
| Self Report | 0 |

Complaints filed with the Commission most often arise out of courtroom proceedings in front of trial judges of the General Court of Justice (superior court and district court judges). A single complaint may also allege misconduct by multiple judges, particularly in complaints against the appellate courts, where a single complaint may name every judge of the Court of Appeals or every justice of the Supreme Court. During 2022--as set forth in Table 5--district court judges were named in 329 complaints, superior court judges in 168 complaints, judges of the Court of Appeals in 18 complaints, and justices of the Supreme Court in 4 complaints. No complaints were received in 2022 against Commissioners of the Industrial Commission, while a Deputy Commissioner was named in only 1 complaint.

**TABLE 5: COMPLAINTS AGAINST JUDGES AND COMMISSIONERS BY OFFICE**

[Bar chart showing complaints by office: District Court Judges ~330; Superior Court Judges ~170; Court of Appeals Judges ~20; Supreme Court Justices ~5; Industrial Commission Commissioners ~0; Industrial Commission Deputy Commissioners ~2]

As indicated in Table 4, most complainants are criminal defendants or litigants who appeared before a trial judge in either civil, criminal, or domestic matters. For example, of the individuals who filed complaints against district court judges, approximately 73% were parties who appeared before the judge, either as domestic litigants (50% of complainants), criminal defendants (16% of complainants), or other civil litigants (7% of complainants). As in the district courts, most complaints against superior court judges were filed by parties. Approximately 63% of complaints against superior court judges were filed by parties who appeared before them – comprised of criminal defendants (49% of complaints) and civil litigants (14% of complaints). This data is set forth in Tables 6 and 7.

## TABLE 6: COMPLAINTS AGAINST DISTRICT COURT JUDGES



## TABLE 7: COMPLAINTS AGAINST SUPERIOR COURT JUDGES



As set forth in Table 8, the most common complaint was that a judge committed some form of legal error in rendering a decision in a case. General allegations of bias or the denial of a fair hearing were also common complaints and were often coupled with claims of legal error. The data below indicates the number of times a particular allegation appeared in a complaint in 2022 (note that a single complaint may raise multiple allegations).

**TABLE 8: TYPES OF JUDICIAL MISCONDUCT ALLEGED**

| Category | Count |
|---|---|
| Bias | ~178 |
| Legal Error | ~370 |
| Inappropriate Comment | ~78 |
| Conflict of Interest | ~72 |
| Denied Fair Hearing | ~215 |
| Pre-Judgment | ~16 |
| Demeanor | ~103 |
| Ex Parte | ~22 |
| Abuse of Power | ~77 |
| Delay | ~36 |
| Substance Abuse | 0 |
| Fail Admin. Duties | ~30 |
| Campaign Conduct | ~11 |
| Misuse Prestige | ~4 |
| Criminal Conduct | ~13 |
| Fraud/Corruption | ~57 |
| Other | ~4 |

## Five Year Trends in Investigatory and Disciplinary Workload

The workload of the Commission has continued to reflect an overall trend of increasing complaints to be reviewed and considered by the Commission and its staff during the last five years.

TABLE 9: COMPLAINTS, INVESTIGATIONS AND PROCEEDINGS - FIVE YEAR TRENDS

|  | 2022 | 2021 | 2020 | 2019 | 2018 |
|---|---|---|---|---|---|
| **Matters Pending[1]** | 560 | 524 | 432 | 475 | 413 |
| **Preliminary Investigations Ordered** | 82 | 98 | 43 | 75 | 59 |
| **Formal Investigations Ordered** | 22 | 7 | 22 | 18 | 16 |
| **Total Investigations Ordered** | 104 | 105 | 65 | 93 | 75 |
| **Dismissed Without Formal Investigation[2]** | 443 | 432 | 339 | 403 | 343 |
| **Dismissed After Formal Investigation** | 7 | 2 | 14 | 2 | 5 |
| **Private Letters of Caution Issued** | 8 | 1 | 12 | 10 | 8 |
| **Statements of Charges Authorized** | 11 | 1 | 2 | 4 | 6 |
| **Disciplinary Hearings Conducted** | 3 | 0 | 2 | 6 | 2 |
| **Recommendations for Public Discipline Issued** | 0 | 0 | 2 | 4 | 2 |

[1]Includes matters carried over from previous year as well as new complaints filed.
[2]Includes complaints dismissed after initial review or after preliminary investigation.

# APPENDIX A
## PAST AND PRESENT MEMBERS OF THE JUDICIAL STANDARDS COMMISSION

**Judges Appointed by the Chief Justice:**

*Court of Appeals*
Hon. Walter E. Brock
Hon. Edward B. Clark
Hon. Gerald Arnold
Hon. Clifton E. Johnson
Hon. Sidney S. Eagles, Jr.
Hon. Jack L. Cozort
Hon. John B. Lewis, Jr.
Hon. John C. Martin
Hon. Wanda G. Bryant
Hon. Chris Dillon*
Hon. Jeff Carpenter*

*Superior Court*
Hon. George M. Fountain
Hon. W. Douglas Albright
Hon. James M. Long
Hon. Robert D. Lewis
Hon. Marvin K. Gray
Hon. James L. Baker, Jr.
Hon. Richard D. Boner
Hon. Paul L. Jones
Hon. Tanya T. Wallace
Hon. Cy A. Grant
Hon. W. Douglas Parsons
Hon. R. Stuart Albright
Hon. Athena F. Brooks
Hon. Jeffery B. Foster*
Hon. Dawn M. Layton*

*District Court*
Hon. E. D. Kuykendall, Jr.
Hon. C. Walter Allen
Hon. L. T. Hammond, Jr.
Hon. W. S. Harris, Jr.
Hon. A. Elizabeth Keever
Hon. Joyce A. Hamilton
Hon. Tanya T. Wallace
Hon. Rebecca B. Knight
Hon. Alexander Lyerly
Hon. Rebecca Blackmore
Hon. Wayne L. Michael
Hon. Sherri W. Elliott
Hon. James H. Faison III*
Hon. Teresa H. Vincent*

**Attorneys Elected by the State Bar Council:**
Mr. Emerson T. Sanders
Mr. Harold K. Bennett
Mr. Robert G. Sanders
Mr. Jerome B. Clark, Jr.
Mr. E. K. Powe
Mr. Rivers D. Johnson, Jr.
Mr. Louis J. Fisher, Jr.
Mr. William K. Davis
Mr. Z. Creighton Brinson
Mr. Charles M. Davis
Mr. Ronald Barbee
Mr. William O. King
Mr. Steven Michael
Mr. Dudley Humphrey
Mr. L.P. Hornthal, Jr.
Mr. Edward T. Hinson, Jr.
Mr. Fred H. Moody, Jr.
Mr. Andy Penry
Mr. William H. Jones, Jr.
Mr. Forrest Ferrell
Mr. Lonnie M. Player, Jr.*
Ms. Allison Mullins*
Mr. Michael A. Grace*
Mr. Michael Crowell*

**Citizens Appointed by the Governor:**
Mr. Marvin B. Koonce, Jr.
Mrs. George L. Hundley
Ms. N. Susan Whittington
Mrs. Veatrice C. Davis
Ms. Pamela S. Gaither
Mr. Albert E. Partridge, Jr.
Mrs. Margaret H. Almond
Mr. Melvin C. Swann, Jr.
Mr. Roland W. Leary
Mr. James L. Mebane
Hon. T. Ray Warren
Mrs. Linda Brown Douglas
Hon. Arthur B. Schools, Jr.
Ms. Lorraine Stephens
Mr. Cresswell Elmore
Ms. Talece Y. Hunter*
Mr. Donald L. Porter*

**Citizens Appointed by the General Assembly:**
Hon. Todd W. Tilley
Mr. R. Wayne Troutman
Mr. James P. Testa
Mr. Gregory H. Greene
Mr. Dean Jordan
Mr. Grady Hawkins
Mr. Ronald L. Smith*
Mr. John M. Check*

*Denotes current member