IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-CV-734

| | |
|---|---|
| ANITA S. EARLS,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH CAROLINA JUDICIAL STANDARDS COMMISSION; THE HONORABLE CHRIS DILLON, in his official capacity as Chair of the North Carolina Judicial Standards Commission; THE HONORABLE JEFFERY CARPENTER, in his official capacity as Vice Chair of the North Carolina Judicial Standards Commission, and the following Members of the North Carolina Judicial Standards Commission, each in his or her official capacity: THE HONORABLE JEFFERY B. FOSTER; THE HONORABLE DAWN M. LAYTON; THE HONORABLE JAMES H. FAISON, III; THE HONORABLE TERESA VINCENT; MICHAEL CROWELL; MICHAEL T. GRACE; ALLISON MULLINS; LONNIE M. PLAYER JR.; JOHN M. CHECK; TALECE Y. HUNTER; DONALD L. PORTER; and RONALD L. SMITH,<br><br>    Defendants. | **BRIEF IN SUPPORT OF MOTION OF PROFESSORS OF LEGAL ETHICS FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

      Certain professors of law who specialize in legal ethics, who are identified by name, title, and institutional affiliation below, have the unique ability to offer the Court their perspective on the issues in this case, and in particular: (1) the application of the North Carolina Code of Judicial Conduct and the ABA Model Code of Judicial Conduct to the facts of this case; and (2) the application of First Amendment law to the facts of this case.

Specifically, these professors contend: (1) that the applicable ethical rules and principles not only allow but encourage the statements and actions of Plaintiff in this case; and (2) that the First Amendment protects the statements of Plaintiff in this case. These professors therefore respectfully request leave to file the accompanying proposed amici curiae brief in support of Plaintiff's motion for preliminary injunction.

Counsel for the proposed amici contacted counsel for Defendants, asking for their position on this motion. Counsel for Defendants responded that they take no position on this motion right now but reserve their right, under LR 7.5(b), to file a response to it.

## ARGUMENT

District courts have discretion whether to grant leave to file an amicus brief. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *see also Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file amicus briefs in district court proceedings and that such amici "often make useful contributions to litigation"). There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in district court, so district courts exercising this discretion often look for guidance to Federal Rule of Appellate Procedure 29, which applies to amicus briefs in federal appellate cases. *See, e.g.*, *Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 147 F. Supp. 3d 373, 389 (D. Md. 2015). Rule 29 provides that along with the proposed brief, prospective amici must file a motion that states "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. Proc. 29(a)(3). Likewise, the Middle District of North Carolina's local rules instruct that a motion for leave to file an amicus

brief "shall concisely state the nature of the movant's interest, identify the party or parties supported, and set forth the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." M.D.N.C. Local Rule 7.5(b) (2023).

I.   **Identities and Interests of the Proposed Amici Curiae.**

The proposed amici are the following professors of law, listed in alphabetical order by name, along with their titles and institutional affiliations:

| Name | Title | Institution |
|---|---|---|
| Bobbie Jo Boyd | Associate Professor of Law | Campbell University Norman Adrian Wiggins School of Law |
| Kathryn Webb Bradley | Professor Emerita of the Practice of Law | Duke Law School |
| Kenneth S. Broun | Henry Brandis Professor of Law Emeritus | University of North Carolina School of Law |
| S. Hannah Demeritt | Clinical Professor of Law | Duke Law School |
| Eric M. Fink | Associate Professor of Law | Elon University School of Law |
| Marilyn R. Forbes | Clinical Professor of Law | Duke Law School |
| Michael J. Gerhardt | Burton Craige Distinguished Professor of Jurisprudence | University of North Carolina School of Law |
| Charles Geyh | Distinguished Professor and John F. "Jack" Kimberling Chair | Maurer School of Law, Indiana University |
| Stephen Gillers | Elihu Root Professor of Law Emeritus | NYU Law School |
| Bruce Green | Louis Stein Chair of Law | Fordham University School of Law |

3

| Kevin Lee | Intel Social Justice and Racial Equity Professor of Law | North Carolina Central University School of Law |
|---|---|---|
| Nicole Ligon | Assistant Professor of Law | Campbell University Norman Adrian Wiggins School of Law |
| David J. Luban | University Professor | Georgetown University Law Center |
| Steven Lubet | Edna B. and Ednyfed H. Williams Memorial Professor of Law Emeritus | Northwestern University Pritzker School of Law |
| Thomas B. Metzloff | Professor of Law | Duke Law School |
| Ellen Murphy | Professor of Practice | Wake Forest University School of Law |
| Theresa A. Newman | Charles S. Rhyne Clinical Professor Emerita of Law | Duke Law School |
| Philip G. Schrag | Delaney Family Professor of Public Interest Law | Georgetown University Law Center |
| W. Bradley Wendel | Edwin H. Woodruff Professor of Law | Cornell Law School |
| Richard Zitrin | Emeritus Lecturer | University of California San Francisco School of Law |

This list includes professors from each of the six North Carolina law schools, as well as professors from a host of other law schools across the United States. Each of these professors specializes in legal ethics, including the ethical rules and principles governing the conduct of lawyers and judges. In recent years, many of the amici have focused professional attention on the application of those rules and principles to high-profile situations involving public commentary by lawyers or judges.

4

Case 1:23-cv-00734-WO-JEP   Document 25   Filed 10/20/23   Page 4 of 8

Each of the amici has an interest in ensuring that the ethical rules governing judges are properly interpreted and fairly applied, consistent with both the principles underlying those rules and the protections of the First Amendment. They support Plaintiff in this matter because they believe that the applicable rules and principles not only allow but encourage the statements and actions of Plaintiff in this case, as does the First Amendment. The proposed amici have no view as to the particular form that a preliminary injunction or final judgment might take in this case, or as to any other substantive or procedural issues raised by the parties. Rather, their interest is in ensuring that judges like Plaintiff are not constrained in their ability to make the kind of statements Plaintiff made in this matter.

## II. The Matters Asserted in the Amici Brief Are Useful and Relevant to the Disposition of the Case.

Given the expertise of the amici in the field of legal ethics, and in the application of the First Amendment to the speech and conduct of lawyers and judges, the matters asserted in the proposed amicus brief will be useful to the Court. Legal and judicial ethics comprise a recognized field in the law, one with its own principles and rules. Indeed, the North Carolina Code of Judicial Conduct and the ABA Model Code of Judicial Conduct reflect long-standing principles regarding the roles and responsibilities of judges, with specific rules that are designed to further those principles. The amici are all well-versed in those matters, and their proposed brief outlines how those rules and the principles behind them should be applied in this case. Although this Court obviously has the power and responsibility to decide what the law is, it could only be helped in doing so by hearing the view of law professors who specialize in the field at hand.

5

Notably, the United States Supreme Court and the Fourth Circuit regularly consider and cite amici curiae briefs filed by law professors, *see, e.g., Moncrieffe v. Holder*, 569 U.S. 184, 201 (2013) (citing amicus brief of immigration law professors about nuances of immigration procedure); *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 879 F.3d 101 (4th Cir. 2018) (considering amicus brief of law professors); *Bostic v. Schaefer*, 760 F.3d 352, 364 (4th Cir. 2014) (same), including briefs filed by law professors specializing in legal ethics, *see, e.g., Padilla v. Kentucky*, 559 U.S. 356, 367 (2010) (citing amicus brief of legal ethics law professors about duties of lawyers to clients facing immigration consequences).

## **CONCLUSION**

For the foregoing reasons, proposed amici respectfully request that this Court grant the Motion of Professors of Legal Ethics for Leave to File Amici Curiae Brief in Support of Plaintiff's Motion for Preliminary Injunction.

This the 20th day of October, 2023.

By: /s/ Mark R. Sigmon
Mark R. Sigmon
N.C. State Bar No. 37762

OF COUNSEL:

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
5 W. Hargett St., Suite 1001
Raleigh, North Carolina 27601
(919) 451-6311
msigmon@milberg.com

Attorney for Proposed Amici
Professors of Legal Ethics

**CERTIFICATION OF WORD COUNT**

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this memorandum, including headings and footnotes, contains fewer than 6,250 based on the word count feature of Microsoft Word, and therefore complies with the Rule.

October 20, 2023                               /s/ Mark R. Sigmon