IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:23-cv-00734-WO-JEP

|  |  |
|---|---|
| ANITA S. EARLS, | ) |
| Plaintiff, | ) |
| v. | ) |
| NORTH CAROLINA JUDICIAL STANDARDS COMMISSION *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

The Court should issue an injunction pending appeal to preserve the Fourth Circuit's ability to review the weighty constitutional issues in dispute. This case is about a disciplinary proceeding concerning core political speech, there are substantial reasons to contend that proceeding is unconstitutional as applied to Plaintiff, and, absent an injunction, Defendant immediately intends to determine whether to proceed to a formal hearing against Plaintiff by December 8, 2023. (*See* Email Correspondence between Commission Counsel and Earls Counsel, attached hereto as Exhibit A.) If that formal hearing goes forward and the Fourth Circuit ultimately agrees that the proceeding as applied to Plaintiff is unconstitutional, then there will be no way to undo the harm Plaintiff has suffered from a disciplinary proceeding that violated her First Amendment rights. An injunction pending appeal, by contrast, would preserve both parties' rights while the Fourth Circuit considers these issues.

Rule 62(d) of the Federal Rules of Civil Procedure – entitled "Injunction Pending Appeal" – provides in pertinent part that "[w]hile an appeal is pending from an interlocutory order…that…refuses…an injunction, the court may…grant an injunction on terms for bond or other terms that secure the opposing party's rights." Thus, a district court may act to "preserve the status quo until decision by the appellate court." *Hunter v. Town of Mocksville, N.C.*, 271 F. Supp. 3d 787, 791 (M.D.N.C. 2017) (quoting *Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922)). In *Newton*, the Supreme Court held that "[u]ndoubtedly, after appeal, the trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court." 258 U.S. at 177.

The Rule, therefore, "authorizes a trial court to grant an injunction during the pendency of an appeal in cases in which injunctive relief has been denied." *Mrs. Philippines Home for Senior Citizens, Inc. v. United States*, Nos. MJG-93-2355 &-2356, 1993 WL 603288, at *8 (D. Md. Dec. 9, 1993) (citing Charles A. Wright & Arthur Miller, *Federal Practice and Procedure: Civil* § 2904, at 315 (1990)). Thus, "it is within the Court's discretionary power to grant temporary relief pending appeal." *Id*. The unique circumstances of this case justify the exercise of that discretionary power.

## ARGUMENT

I.  **THE STANDARDS FOR AN INJUNCTION PENDING APPEAL.**

As the Supreme Court held in *Nken v. Holder*, 556 U.S. 418 (2009), a case which reversed the Fourth Circuit's refusal to stay an immigration agency removal order, "It takes time to decide a case on appeal. Sometimes a little; sometimes a lot." *Id*. at 421. For that reason, "if a court takes the time it needs, the court's decision may in some cases come too

2

late for the party seeking review." *Id*. In order to allay that contingency, district courts have "the authority to hold an order in abeyance pending review" which "allows an appellate court to act responsibly." *Id*. at 427. Rule 62 provides a "means of ensuring that appellate courts can responsibly fulfill their role in the judicial process." *Id*. Rule 62, "[s]imply put," "embodies the principle that district courts have an inherent power to maintain the status quo pending appeal." *Securities and Exchange Comm'n v. Rex Venture Group, LLC*, No. 3:12-CV-00519-GCM, 2017 WL 2979686, at *1-2 (W.D.N.C. Jul. 12, 2017) (maintaining freeze order against defendant after its dismissal for lack of jurisdiction in order "to protect the efficacy of the pending appeal and available remedy for the Receiver should the Fourth Circuit find jurisdiction proper.").

In *Nken*, the Supreme Court restated the four factors for consideration, namely whether the:

> [(1)] applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a[n injunction];[1] (3) whether issuance of [an injunction] will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 786 (1987)). The Supreme Court has also held that consideration of those traditional factors "contemplate[s] individualized judgments in each case" because "the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777. In the end, holding an order "in abeyance pending

---

[1] Although *Nken* arose in the context of a stay of the lower court order, the Court made it clear that a stay and an injunction, "particularly a preliminary one," have "functional overlap," because both can "have the same practical effect of preventing some action before the legality of that action has been conclusively determined." 556 U.S. at 428.

3

review allows an appellate court to act responsibly" and provides "a means of ensuring that appellate courts can responsibly fulfill their role in the judicial process." *Nken*, 566 U.S. at 427.

## II. LIKELIHOOD OF SUCCESS ON THE MERITS

As with a preliminary injunction generally, the moving party is "not required to establish a certainty of success on appeal but must show at least a likelihood of that success." *Amazon.com, Inc. v. WDC Holdings LLC*, No. 1:20-cv-00484, 2020 WL 7680552, at *1 (E.D. Va. Sept. 4, 2020) (citing *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020)). The showing of likelihood of success, moreover, "does not require that the Court concede that it was incorrect or change its mind." *Id*. "Rather, the question is whether the 'issues presented on appeal could be rationally resolved in favor of the party'" seeking the injunction. *Id.* (quoting *United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995)); *see also Rex Venture Group, LLC*, 2017 WL 2979686 at *2 ("While the court believes it correctly found a lack of personal jurisdiction over Victoriabank, the Fourth Circuit may well disagree.").

Recognizing that a district court "may grant a stay even though its own approach may be contrary to movant's view of the merits," *Goldstein v. Miller*, 488 F. Supp. 156, 172 (D. Md. 1980) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)), courts have used numerous formulations to describe the appropriate level of likelihood of success on the merits in this context. For example, in *Goldstein*, the court adopted the view of the D.C. Circuit, that "a court, when confronted with a case in which the other three factors strongly favor interim relief may exercise its

4

discretion to grant a stay if the movant has made a substantial case on the merits." 488 F. Supp. at 172 (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d at 843); *see also Rex Venture, LLC*, *supra*, 2017 WL 2979686 at *1 (case "found to be unclear"); *U.S. Home Corp. v. Settlers Crossing, LLC*, N. DKC-08-1863, 2015 WL 3973071, at *6 (D. Md. Jun. 29, 2019) (movant "must demonstrate a substantial case"); *Par Pharmaceuticals, Inc. v. TWI Pharmaceuticals, Inc.*, No. CCB-11-2466, 2014 WL 3956024, at *2 (D. Md. Aug. 12, 2014) ("the case presents a close call" and a "substantial case"); *Carvel Corp. v. Eisenberg*, No. 87 CIV. 608 (CSH), 1988 WL 120135, at *2 (S.D.N.Y. Oct. 31, 1988) ("admittedly difficult legal question," citing *Goldstein*, *supra*); *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981) ("legal questions were substantial and matters of first impression").

That the "serious legal question" concerns issues of "constitutionality," renders the injunction, on balance, more appropriate. *See John Doe Co. v. Consumer Finance Protection Bureau*, 235 F. Supp. 3d 194, 205 (D.D.C. 2017) ("the constitutionality of the CFBP's structure does present a serious legal question.")). For example, in *Sweeney*, *supra*, the court, contrary to its own ruling on the legal issue, granted an injunction pending appeal so that the court of appeals could weigh in on the "substantial and novel questions" of "first impression" concerning whether independent contractors could be terminated due to political affiliation under an extension of the Supreme Court's ruling in *Elrod v. Burns*, 427 U.S. 347 (1976). *See Sweeney*, 519 F. Supp. at 132-33. Similarly, that the appellate court will apply *de novo* review is a further factor in favor of Rule 62 relief. *U.S. Home Corp.*, 2015 WL 3973071, at *6; *Par Pharmaceuticals, Inc.*, 2014 WL 3956024, at *2

("[f]urther the Federal Circuit will conduct a *de novo* review"). In such circumstances, an injunction "to protect the efficacy of the pending appeal" is sensible because "the Fourth Circuit may well disagree." *Rex Venture*, 2017 WL 2979686 at *1.

Here, with regard to the issue of *Younger* abstention, the Fourth Circuit's most recent pronouncement acknowledges that the Supreme Court's unanimous decision in *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013), "recast the earlier cases" decided under *Younger*. *Jonathan R. by Dixon v. Justice*, 41 F.4th 316, 329 (4th Cir. 2022). This includes many of the pre-*Sprint* authorities relied on by the Commission. *Id*. Most specifically, *Jonathan R.*, following *Sprint*, described the second category for *Younger* abstention relied on here – civil enforcement proceedings akin to a criminal prosecution – as "cases 'brought by the State in its sovereign capacity' *following* an 'investigation' and *upon 'the filing of a formal complaint or charges*.'" *Jonathan R.*, 41 F.4th at 329 (quoting *Sprint*, 571 U.S. at 79–80, emphasis). Here, the Commission conceded that it has "merely initiated a confidential investigation designed to determine whether a violation of the Code has occurred," and that "investigation has not reached any kind of disposition." (PI Opp'n at 13, 19–20, ECF No. 22.) That same premature procedural posture – *i.e.*, the lack of "a formal statement of charges," *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 428 (1982) – distinguishes *Middlesex*, the Commission's primary authority. Because the proceedings against Earls at this point remain at an early stage and have not yet been transferred to a Panel for hearing upon the filing of a Statement of Charges, Commission Rule 12, *Younger* abstention, as articulated by the Fourth Circuit in *Jonathan R.*, should not apply.

On the substantive issue of whether the State has carried its burden under the strict scrutiny standard, the Court has acknowledged (at Am. Ord. 39-40), the potential tension between the Supreme Court's holding in *Republican Party of Minnesota v. White*, 536 U.S. 765, 787 (2002), which ruled that a prohibition on "classic" political speech in form of comments regarding "disputed legal and political issues" violated the First Amendment, and its holding in *Williams-Yulee v. Fla. Bar*, 575 U.S. 433 (2015), which ruled that a prohibition on a decidedly narrower form of speech – "personal solicitation of campaign funds," *id*. at 441 – could withstand strict scrutiny. *Id*. The Court in *Williams-Yulee*, however, recognized its ruling as covering only "a narrow slice of speech," *id*. at 452, and explicitly held that judicial candidates remained "free to discuss any issue with any person at any time," *id*. at 452. While this Court has ruled that the speech sought to be regulated here falls within the *Williams-Yulee* boundaries, the Court of Appeals may, upon review, a different view that should be considered before the Commission takes further steps here.

### III. IRREPARABLE HARM TO PLAINTIFF

Deprivation of a constitutional right, even for a short period of time, constitutes irreparable harm. *Elrod*, 427 U.S. at 373 (concerning First Amendment associational rights). "When the harm alleged by the plaintiff is the deprivation of a constitutional right, the likelihood of success on the merits is so 'inseparably linked' to the proving of an actual harm that the court may proceed directly to consider the merits of the plaintiff's action." *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 511 (4th Cir.2002) (internal quotation marks omitted).

7

Case 1:23-cv-00734-WO-JEP   Document 36   Filed 11/27/23   Page 7 of 10

As a general rule, "the denial of a constitutional right ... constitutes irreparable harm for purposes of equitable jurisdiction." *Ross v. Meese*, 818 F.2d 1132, 1135 (4th Cir. 1987). Indeed, this Court determined that "if Plaintiff demonstrates a potential First Amendment violation, that is sufficient to establish a likelihood of irreparable harm." (Order at 27, n.12.) And as this Court recognized, Plaintiff offered multiple examples of ways in which her speech is already being chilled (*id.* at 18), which will only be heightened if the Commission proceeds from an investigation to formal charges on December 8, 2023 and commencement of a disciplinary hearing. (*See* Ex. A.) When the injury in question concerns charging a plaintiff with a crime under an unconstitutional statute coupled with a "loss or impairment of freedoms of expression," the issue of irreparability becomes even clearer. *See Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) (a "criminal prosecution under a statute regulating expression usually involves imponderables and contingencies that themselves may inhibit the full exercise of First Amendment freedoms.").

For that reason, "[c]ourts routinely issue injunctions to stay the status quo when the trial court's order would otherwise allow the prevailing party to engage in actions that would moot the losing party's right to appeal." *John Doe Co.*, 235 F. Supp. 3d at 206.

## IV. THE BALANCE OF EQUITIES IS IN FAVOR OF PLAINTIFFS

Simply "postponing enforcement" will "not cause any irreparable injury" to Defendants. *See Goldstein*, 488 F. Supp. at 175. Apart from the circumstances underlying this case, there is no other known outstanding investigation by the Commission concerning political speech of any judge.

In *Sweeney*, *supra*, the court found that while "irreparable injury to the plaintiffs would result if the injunction is denied," "[a]ny harm that would befall the defendants from the issuance of an injunction would be substantially less than harm to plaintiffs should the injunction be denied." 519 F. Supp. at 133. For that reason, the "absence of substantial harm to the defendants favors the issuance of the injunction." *Id*. In general, a "slowing" or temporary "halting" of Defendant's disciplinary efforts would not be "same kind of…harm" Plaintiff would face if the status quo were not maintained. *See Par Pharmaceuticals*, 2014 WL 3956024, at *5. Here, allowing Defendants to move forward with its investigation, hearing, and potential punishment of Plaintiff would mean that the court of appeals could not "un-ring the bell, and significant portions of Plaintiff's sought-after remedy would become moot." *John Doe Co.*, 235 F. Supp. 3d at 206.

## V. THE PUBLIC INTEREST FAVORS ISSUANCE OF THE PRELIMINARY INJUNCTION

Here, the "protect[ion of] the efficacy of the pending appeal and available remedy" for Plaintiff "should the Fourth Circuit" reverse is an appropriate public interest, *see Rex Venture*, 2017 WL 2979686, at *2, particularly when paired with the fact that upholding constitutional rights serves the public interest. *Newsom ex rel. Newsom v. Albemarle Cty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003). An injunction, moreover, "will not interfere with [Defendants'] powers outside the context" of a single disciplinary proceeding. *See John Doe Co.*, 235 F. Supp. 3d at 206. To the extent that the public interest is implicated, "it weighs in favor of granting the stay in order to allow for a meaningful resolution by the

[court of appeals] of the issues presented by this action. *Carvel Corp.*, 1988 WL 120135, at *2.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that the Court issue an injuncting pending appeal enjoining Defendants from further investigation or any hearing concerning, or punishment of, Plaintiff for statements on matters of public concern

This the 27th day of November, 2023.

By: /s/ Pressly M. Millen
Pressly M. Millen
State Bar No. 16178
Raymond M. Bennett
State Bar No. 36341
Samuel B. Hartzell
State Bar No. 49256

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
(919) 755-2100

Attorneys for Plaintiff
Anita S. Earls