**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**CIVIL ACTION No. 1:23-cv-00734-WO-JEP**

| | |
|---|---|
| ANITA S. EARLS, | |
| Plaintiff, | **DEFENDANTS' MEMORANDUM** |
| v. | **IN OPPOSITION TO** |
| | **PLAINTIFF'S EMERGENCY** |
| NORTH CAROLINA JUDICIAL | **MOTION FOR INJUNCTION** |
| STANDARDS COMMISSION, *et al.*, | **PENDING APPEAL** |
| Defendants. | |

Defendants, through counsel, respectfully ask this Court to deny the motion for an injunction pending appeal by Plaintiff of the Court's denial of a preliminary injunction.

## INTRODUCTION

Plaintiff's motion asks the Court to revisit its November 22, 2023, order, in which the Court determined that Plaintiff has not demonstrated a need for the Court to preliminarily enjoin the Judicial Standards Commission's (Commission) ongoing proceeding. Yet nothing has changed in the intervening days that would warrant a reconsideration of that recent decision. The Commission is continuing with its proceeding exactly as the Court would expect; first by asking to speak with Plaintiff (for about an hour or less), and then by deciding what, if any, action should come next. As the Court has already concluded, Plaintiff has not shown that these actions would violate Plaintiff's constitutional rights and therefore are not likely to cause irreparable harm. The Court's well-reasoned conclusions are not altered by Plaintiff's election to challenge them on appeal. Therefore, the Commission asks the Court to deny Plaintiff's motion.

## ARGUMENT

The granting of an injunction or stay pending appeal is "an extraordinary remedy." *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, No. 1:04-CV-00977, 2007 WL 4262725, at *4 (M.D.N.C. Nov. 30, 2007) (Osteen, J.) (quoting *Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir. 1973)). The moving party carries a "heavy burden" of showing it is entitled to one. *Kadel v. Folwell*, No. 1:19-CV-272, 2022 WL 11166311, at *5 (M.D.N.C. Oct. 19, 2022). The relief sought here is particularly extraordinary. While Rule 62 motions often involve requests to merely stay a previously granted injunction in order to "preserve[] the status quo," *Sec. & Exch. Comm'n v. Rex Venture Grp., LLC*, No. 3:12-CV-00519-GCM, 2017 WL 2979686, at *2 (W.D.N.C. July 12, 2017), Plaintiff asks for not merely a stay, but an affirmative injunction that will alter the status quo during the appeal, *see* Pltf. Emer. Mot. 1.

Courts considering a motion for an injunction pending appeal must consider the following factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). The moving party must satisfy all four factors, but "[t]he first two factors . . . are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). In particular, to satisfy a strong showing of success on the merits, "[i]t is not enough that the chance of success on the merits be better

2

than negligible . . . more than a mere possibility of relief is required." *Id.* (internal citations and quotation marks omitted).

## I. PLAINTIFF HAS NOT MADE A STRONG SHOWING OF LIKELY SUCCESS ON APPEAL.

To justify the extraordinary relief Plaintiff seeks, Plaintiff must make a strong showing that her appeal of the Court's order will be successful. Plaintiff invites the Court to adopt a lesser standard based on non-binding, largely out-of-circuit case law. *See* Pltf. Emer. Mot. 4–6 (citing cases). But this Court, consistent with the Supreme Court's decisions in *Hilton* and *Nken*, requires a "strong showing" of likely success on the merits. *See N.C. Growers' Ass'n, Inc. v. Solis*, No. 1:09-CV-411, 2011 WL 13344117, at *1 (M.D.N.C. Oct. 31, 2011) (Osteen, J.)*; see also Hilton*, 481 U.S. at 776; *see Nken*, 556 U.S. at 426. Plaintiff cannot make such a showing for numerous reasons that the Court recognized in its order.

First, as the Court explained, Plaintiff's vagueness claim is likely to fail on several grounds. To start, Plaintiff has "interpreted and applied Canon 2A to another judge's speech, without raising any vagueness or other First Amendment concerns," which undermines Plaintiff's contention that the canon fails to provide notice of the conduct it proscribes. Order and Memo. at 32. Plaintiff's vagueness challenge is also premature, given that the Commission is simply trying to investigate whether Canon 2A applies to Plaintiff's speech and has yet to make any determination. *Id.* at 33. Finally, there is no evidence of the Commission ever arbitrarily or discriminatorily applying the canon, and Plaintiff has applied the canon in the past without raising such concerns. *Id.* at 34.

3

Second, even assuming that Plaintiff's statements constitute political speech that would invite strict scrutiny, the Commission's investigative scheme would survive that scrutiny. As the Court recognized, the State holds a vital interest in protecting the public's confidence in the judiciary's integrity. *Id.* at 44. The Commission's ongoing (and normally confidential) process is narrowly tailored to serve this vital interest. *See id.* at 47.

Third, the Commission's ongoing proceedings would not chill the speech of a person of ordinary firmness in Plaintiff's position. *Id.* at 49. The only conclusive actions the Commission can take are dismissing the matter without any further action or dismissing the matter and issuing a private letter of caution, *see* Comm'n Rule 11(a), which the Court held are not likely adverse actions under the First Amendment, Order and Memo. at 52. Only the Supreme Court of North Carolina has the power to impose any discipline that might be constitutionally significant, and the possibility of eventual action by the Supreme Court is "too speculative" to justify injunctive relief at this stage of the Commission's proceeding. *Id.* at 52.

Finally, the Commission's proceeding, which "currently consists of an investigation," is an "ongoing state civil enforcement proceeding" and, as the Court held, *Younger* and *Middlesex* prohibit preliminarily enjoining this ongoing proceeding. *Id.* at 20, 26. Plaintiff asks the Court to reconsider its analysis because she argues the decision in *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013), "recast" "many of the pre-*Sprint* authorities relied on by the Commission," and Plaintiff argues that in a post-*Sprint* world, abstention is inappropriate until the Commission initiates a disciplinary hearing. Pltf. Emer. Mot. 6. In *Sprint*, the Supreme Court "recast the earlier [*Younger*] cases" by establishing

4

that a court must first determine that a state proceeding falls within "one of three settled categories" and, only then, consider whether the three *Middlesex* factors warrant abstention. *Jonathan R. by Dixon v. Just.*, 41 F.4th 316, 329 (4th Cir. 2022). Notably, *Sprint* relied on *Middlesex* itself, in which the Supreme Court rejected a plaintiff's request to enjoin a disciplinary body's investigation before the body had determined whether to initiate a hearing. *See Middlesex*, 457 U.S. at 428–29, 433. *Sprint* did not call into question the facts or holding of *Middlesex*; nor did it disturb the Fourth Circuit's decisions that *Younger* applied to the pre-hearing stages of the proceedings in *Craig v. Barney*, 678 F.2d 1200, 1201 (4th Cir. 1982), *Potomac Elec. Power Co. v. Sachs*, 802 F.2d 1527, 1531–32 (4th Cir. 1986), and *ACLU v. Bozardt*, 539 F.2d 340, 342 (4th Cir. 1976), because those decisions did not inappropriately consider the three *Middlesex* factors.

## II. PLAINTIFF WILL NOT BE IRREPARABLY HARMED ABSENT AN INJUNCTION.

The Court recognized that if Plaintiff could establish a likely violation of her First Amendment rights, then Plaintiff could establish a likelihood of irreparable harm. Order and Memo. at 27 n.12. But the Court also determined, as explained above, that Plaintiff has not demonstrated that the Commission's mere investigation violates Plaintiff's First Amendment rights. Plaintiff has therefore not shown any likelihood of irreparable harm from the Commission's continuing with its proceeding during the pendency of this litigation. *A fortiori*, Plaintiff cannot show a likelihood of irreparable harm during the pendency of her interlocutory appeal.

5

To be clear, allowing the proceeding to continue pending appeal will not result in Plaintiff bearing significant burdens. First, to understand what Plaintiff meant by the statements concerning other Justices, the Commission has invited Plaintiff to sit for an interview. *See* Exh. 1 (email exchange). The interview is entirely voluntary, and it is expected to last no longer than an hour. *Id.* Plaintiff has agreed to sit for an interview on December 4. *Id.*

After the interview, the investigative panel will convene for its regularly scheduled meeting on December 8, *see id.*, at which time the panel may vote to (1) continue the matter to a later meeting, (2) dismiss the matter without any further action, (3) dismiss the matter and issue a confidential letter of caution to Plaintiff, or (4) initiate a confidential hearing (which would likely not be held until the Fall of 2024) to determine whether the matter warrants a recommendation to the Supreme Court, *see* Comm'n Rules 11(a), 12(a). If the panel continues the matter or dismisses the matter, then Plaintiff suffers no harm. *See* Order and Memo. at 52. If the panel issues a confidential letter of caution, Plaintiff also cannot show that she will suffer a material harm, as this Court held that such an action is likely "insufficient to give rise to an actionable First Amendment claim." *Id.* (citing *Hous. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 477–79 (2022)). If the panel votes to initiate a confidential hearing, the hearing would not constitute irreparable harm because the Supreme Court has held that a disciplinary body does not violate a plaintiff's constitutional rights when it investigates and holds a hearing on the plaintiff's conduct. *See Ohio C.R. Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 628 (1986); *see also id.* at 633 (Stevens, J., concurring) ("Like the majority, I agree with the District Court that neither the

6

investigation of certain charges nor the conduct of a hearing on those charges is prohibited by the First Amendment[.]").

In summary, Plaintiff will not suffer irreparable harm if the Commission is allowed to continue its ongoing proceeding during Plaintiff's appeal. To the contrary, allowing the Commission to continue will afford Plaintiff an opportunity to explain her statements and could result in the matter's conclusion.

## II.     THE STATE AND PUBLIC WILL BE HARMED BY AN INJUNCTION.

As with the preliminary injunction framework, "[t]he third and fourth factors [of an injunction pending appeal], harm to the opposing party and the public interest, merge when the Government is the opposing party." *Nken*, 556 U.S. at 435. Although this Court did not reach the last two factors required for a preliminary injunction, the Court stated that it "would likely find the State's interest in conducting its investigation outweighs Plaintiff's interest in enjoining the investigation." Order and Memo., at 27 n.12.

An injunction pending appeal would substantially injure the Commission and public. The Commission is statutorily tasked with ensuring that judges comply with the North Carolina Code of Judicial Conduct. To do so, it must investigate instances of alleged judicial misconduct. N.C. Gen. Stat. § 7A-374.1 ("The purpose of this Article is to provide for the investigation and resolution of inquiries concerning the qualification or conduct of any judge or justice of the General Court of Justice.") (emphasis added); *see also* N.C. Gen. Stat. § 7A-376. Indeed, a federal court in this state has previously found that issuing an emergency injunction to prevent the North Carolina State Bar from prosecuting an attorney would "substantially injure the North Carolina State Bar." *Gilbert v. N.C. State Bar*, No.

5:09-CV-383-D, 2009 WL 3756371, at *1 (E.D.N.C. Nov. 9, 2009). In addition to the state's interest, this Court has already noted that the public retains a "vital state interest in safeguarding public confidence in the fairness and integrity of the nation's elected judges." Order and Memo. at 44 (quoting *Williams-Yulee v. Fla. Bar*, 575 U.S. 433 (2015). Given that the Court has determined that Plaintiff's claims are unlikely to succeed, there appears to be no justification for hindering the Commission's vital role of safeguarding the public's confidence in the integrity of North Carolina's judiciary.

## CONCLUSION

For the foregoing reasons, the Commissions asks that the Court deny Plaintiff's Emergency Motion for an Injunction Pending Appeal.

This the 30th day of November, 2023.

Respectfully submitted,

/s/ Craig D. Schauer
Craig D. Schauer (NC Bar No. 41571)
W. Michael Dowling (NC Bar No. 42790)
DOWLING PLLC
3801 Lake Boone Tr., Suite 260
Raleigh, North Carolina 27607
Telephone: (919) 529-3351
cschauer@dowlingfirm.com

/s/ Jonathan Y. Ellis
Jonathan Y. Ellis (NC Bar No. 41220)
MCGUIREWOODS LLP
501 Fayetteville St., Suite 500
Raleigh, NC 27601
Telephone: (919) 755-6600
jellis@mcguirewoods.com

Jodie Herrmann Lawson (NC Bar No. 42900)
Katherine C. Richardson (NC Bar No. 56578)
MCGUIREWOODS LLP
201 North Tryon St., Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 343-2000
jlawson@mcguirewoods.com

*Counsel for Defendants*

8

## CERTIFICATION AS TO WORD LIMITATION

Pursuant to Local Rules 7.3(d), the undersigned hereby certifies this brief contains fewer than 6,250 words (as determined by the word count of Microsoft Word).

This the 30th day of November, 2023.

/s/ Jonathan Y. Ellis
Jonathan Y. Ellis (NC Bar No. 41220)
MᴄGᴜɪʀᴇWᴏᴏᴅs LLP
501 Fayetteville St., Suite 500
Raleigh, NC 27601
Telephone: (919) 755-6600
jellis@mcguirewoods.com

9

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:  Pressley Millen, Samuel Hartzell, and Raymond Bennett.

/s/ Jonathan Y. Ellis
Jonathan Y. Ellis (NC Bar No. 41220)
MCGUIREWOODS LLP
501 Fayetteville St., Suite 500
Raleigh, NC 27601
Telephone: (919) 755-6600
jellis@mcguirewoods.com