IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:23-cv-00734-WO-JEP

| | |
|---|---|
| ANITA S. EARLS, | ) |
| Plaintiff, | ) |
| v. | ) |
| NORTH CAROLINA JUDICIAL STANDARDS COMMISSION *et al.*, | ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

**ARGUMENT**

The Commission's December 8, 2023 deadline to determine whether to institute a formal Statement of Charges against Plaintiff is entirely arbitrary. There is no reason – nor does the Commission suggest that one exists – for why the Commission must proceed against Plaintiff now. There is nothing extraordinary about seeking to preserve the status quo until a legal process to determine the parties' rights is completed.

By insisting on proceeding at this time, however, the Commission will deprive Plaintiff of an effective opportunity to have the issue of her constitutional rights adjudicated by the Court of Appeals before the *status quo* changes irreparably. Those rights have been recognized as important by the Court. Mem. Op. 39. The application of the law to the largely *sui generis* facts of this case is also far from straightforward.

The Commission mischaracterizes the impact of its decision to force Plaintiff to either refuse to be interviewed, and face being judged uncooperative because she seeks to protect her constitutional rights; or agree to an interview, and thereby effectively waive her assertion of constitutional rights. Plaintiff and her counsel will spend numerous hours preparing for the interview and preparing a written submission that is also required.

There is no reason why the Commission cannot wait some months to proceed against Plaintiff, after these important constitutional issues have been considered by the Court of Appeals. Indeed, in its Opposition (at 6) the Commission concedes that it may "continue the matter to a later meeting." The Commission's insistence that the investigatory interview and Plaintiff's written submission occur now compromises Plaintiff's legal position. For that reason, a district court may act to "preserve the status quo until decision by the appellate court." *Hunter v. Town of Mocksville, N.C.*, 271 F. Supp. 3d 787, 791 (M.D.N.C. 2017) (quoting *Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922) ("[u]ndoubtedly, after appeal, the trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court.")).

The Court of Appeals for the Fourth Circuit, moreover, is capable of deciding important cases concerning First Amendment rights in a timely fashion. *See, e.g., Grimmett, et al. v. Freeman*, 59 F.4th 689 (4th Cir. 2023) (case decided in less than six months from filing of notice of appeal); *Cawthorn v. Amalfi, et al.*, 35 F.4th 245 (4th Cir. 2022) (case decided in 2½ months from filing of notice of appeal).

The Commission's contentions that "the State and the public will be harmed by an injunction" (Opp. 7), is, at best, an overstatement since simply "postponing enforcement"

will "not cause any irreparable injury." *See Goldstein v. Miller*, 488 F. Supp. 156, 175 (D. Md. 1980). There is no overarching State or public interest in proceeding against Plaintiff in December 2023 versus sometime in 2024.

## CONCLUSION

For the reasons stated herein and in her opening memorandum, Plaintiff respectfully requests that the Court issue an injucting pending appeal enjoining Defendants from further investigation or any hearing concerning, or punishment of, Plaintiff for statements on matters of public concern.

This the 30th day of November, 2023.

By: /s/ Pressly M. Millen
Pressly M. Millen
State Bar No. 16178
Raymond M. Bennett
State Bar No. 36341
Samuel B. Hartzell
State Bar No. 49256

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
(919) 755-2100

Attorneys for Plaintiff
Anita S. Earls

**CERTIFICATION OF WORD COUNT**

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this memorandum, including headings and footnotes, contains fewer than 3,125 based on the word count feature of Microsoft Word, and therefore complies with the Rule.

Dated: November 30, 2023                  /s/ Pressly M. Millen