IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ANITA S. EARLS,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    1:23-cv-734
                                   )
NORTH CAROLINA JUDICIAL            )
STANDARDS COMMISSION, et al.,      )
                                   )
          Defendants.              )
```

**ORDER**

**OSTEEN, JR., District Judge**

Plaintiff has filed an Emergency Motion for Injunction Pending Appeal pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1)(C). (Doc. 35.) Plaintiff requests an injunction pending appeal prohibiting Defendants from conducting any further investigation or hearing concerning her statements. (Id. at 1.)

In determining whether to issue a stay or injunction pending appeal, this court has considered the four factors for an injunction, see Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), as addressed in its Memorandum Opinion and Order, (Doc. 33), and the legal requirements set forth in Nken v. Holder, 556 U.S. 418 (2009). See, e.g., Coal. for TJ v. Fairfax Cnty. Sch. Bd., No. 22-1280, 2022 WL 986994, at *1 (4th Cir. Mar.

31, 2022) ("Appellant has satisfied the applicable legal requirements for a stay pending appeal, see Nken v. Holder, 556 U.S. 418 (2009)[.]") The Court in Nken explained:

> "A stay is not a matter of right, even if irreparable injury might otherwise result." Virginian R. Co., 272 U.S., at 672, 47 S.Ct. 222. It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." Id., at 672–673, 47 S.Ct. 222; see Hilton, supra, at 777, 107 S.Ct. 2113 ("[T]he traditional stay factors contemplate individualized judgments in each case").
>
> . . .
>
> The fact that the issuance of a stay is left to the court's discretion "does not mean that no legal standard governs that discretion . . . . '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" Martin v. Franklin Capital Corp., 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (quoting United States v. Burr, 25 F.Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.)). As noted earlier, those legal principles have been distilled into consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton, supra, at 776, 107 S.Ct. 2113. There is substantial overlap between these and the factors governing preliminary injunctions, see Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376–77, 172 L.Ed.2d 249 (2008); not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined.

Nken, 556 U.S. at 433–34. The Court further explained that "[t]he first two factors of the traditional standard are the most critical," requiring more than "a mere 'possibility' of relief" and more than "some 'possibility of irreparable injury.'". Id. at 434 (cleaned up). "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." Id. at 435.

The analysis of an injunction pending appeal is therefore similar, but not identical to, the analysis of a motion for a preliminary injunction as a matter of law. Relatedly, the weighing of the four factors may change somewhat under the injunction pending appeal analysis. For example, for purposes of the preliminary injunction, this court noted that it "would likely find the State's interest in conducting its investigation outweighs Plaintiff's interest in enjoining the investigation." (Doc. 33 at 27 n.12.) Because Plaintiff has appealed the order denying the injunction, arguably both parties have an interest in receiving the guidance of a decision from a higher court before proceeding further in this matter. That fact could change the balancing of interests in the analysis.

Nevertheless, after careful consideration of the applicable factors, both for an injunction, see Real Truth About Obama,

Inc., 575 F.3d at 347, and a stay, see Nken, 556 U.S. at 434-35, this court concludes the motion should be denied. Even if this court concludes that an alleged First Amendment violation establishes irreparable harm and the Plaintiff's interest outweighs the Defendants' interest in an injunction pending appeal, Plaintiff has not established a sufficient likelihood of success on the merits to support entry of a stay. Additionally, for the reasons explained in the order denying the motion for a preliminary injunction, (Doc. 33 at 16-26), it appears likely that Younger applies and, if so, abstention is required. Even if Younger does not apply, this court finds Plaintiff has not established a likelihood of success on the merits.

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Motion for Injunction Pending Appeal, (Doc. 35), is **DENIED**.

This the 30th day of November, 2023.

                                            /s/ William L. Osteen, Jr.
                                            United States District Judge